## H. L. Hollister, Appellant, v. Samuel Dinsmore, Appellee.

### Gen. No. 19,916.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon.
CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Ap-
pellate Court at the October term, 1913. Reversed and remanded.
Opinion filed February 4, 1915.

### Statement of the Case.

Action by H. L. Hollister against Samuel Dinsmore
in trespass on the case and in trover. The trial court
held "that the evidence introduced on behalf of the
plaintiff did not tend to sustain an action other than
in assumpsit. From a judgment on a directed ver-
dict for defendant, plaintiff appeals.

HARRIS F. WILLIAMS, for appellant; ELDON M.
VOTAW, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion
of the court.

### Abstract of the Decision.

1. PLEDGES, § 24*—*effect of conditional delivery of stock to pledg-
or.* Where it appeared that defendant executed and delivered a
note to plaintiff and deposited with him as collateral security a
certificate of stock in a corporation, and that the note being not
paid when due, defendant called at ·plaintiff's office and requested
permission to take the collateral, sell it and bring back the pro-
ceeds, saying that he had a chance to sell all his stock in the com-·
pany including that in plaintiff's hands, but that the purchaser
wanted all or none, and the amount then due to plaintiff was com-
puted and a demand note ·for that amount made out and signed by
defendant, and the collateral was delivered to him for the pur-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

pose and upon the understanding stated and defendant sold the
stock but failed to account for the proceeds, *held* that the delivery
of the stock by plaintiff to defendant was not an unconditional
delivery of the same, but that defendant received it merely as the
agent of the plaintiff for the special and limited purpose of selling
the same for plaintiff's benefit, and that plaintiff's lien was not
thereby lost, and the failure or refusal of defendant to return
either the stock or the proceeds constituted a conversion.

2. TROVER AND CONVERSION, § 34*—*joinder of trover and case.*
It is permissible to join counts in trover and in case in the same
declaration.

3. TROVER AND CONVERSION, § 34*—*propriety of declaration in case
and trover.* Upon a declaration in trespass on the case and in
trover for the conversion of a certificate of stock intrusted to a
pledgor to sell and account for the proceeds to the pledgee, *held*
the trial court erred in finding no recovery could be had except in
assumpsit.

4. PLEDGES, § 46*—*measure of damages for conversion by
pledgor.* Where a pledgor secures possession of stock in a cor-
poration from his pledgee for the purpose of effecting a sale of ·
the same and accounting for the proceeds to the pledgee, upon his
failure to do so the measure of damages is the value of the col-
lateral with interest from the time of the conversion, unless such
amount exceeds the sum due the pledgee, and such value is, of
course, material in a tort action.